# Exhibit 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | Master File No. 2:12-md-02311 Judge Marianne O. Battani Magistrate Judge Mona K. Majzoub |
| IN RE POWER WINDOW SWITCHES | : : | Case No. 2:16-cv-03902 |
| THIS DOCUMENT RELATES TO: AUTOMOBILE DEALERSHIP ACTIONS | : : : : : | |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into this 10th day of August 2016 ("Execution Date") by and between Omron Automotive Electronics Co. Ltd. ("OAE") and Automobile Dealership Plaintiff Class Representatives ("Automobile Dealership Plaintiffs"), both individually and on behalf of a class of indirect purchasers of Power Window Switches ("Settlement Class"), as more particularly defined in Paragraph 13 below.

WHEREAS, Automobile Dealership Plaintiffs are prosecuting the above *In re Automotive Parts Antitrust Litigation* (*In re Power Window Switches*), Master File No. 2:12-md-02311 ("MDL Litigation"), which includes Case No. 2:16-cv-03902 (E.D. Mich.) ("Action") on their own behalf and on behalf of the Settlement Class;

WHEREAS, Automobile Dealership Plaintiffs allege that they were injured as a result of OAE's participation in an unlawful conspiracy to raise, fix, maintain, and/or stabilize prices, rig bids, and allocate markets and customers for Power Window Switches

(as defined below) in violation of Section 1 of the Sherman Act and various state antitrust, unfair competition, unjust enrichment, and consumer protection laws as set forth in Automobile Dealership Plaintiffs' Class Action Complaint filed in the Action ("Complaint") (ECF No. 1);

WHEREAS, OAE may assert defenses to Automobile Dealership Plaintiffs' claims in the Action;

WHEREAS, arm's length settlement negotiations have taken place between Settlement Class Counsel (as defined below) and counsel for OAE and this Agreement has been reached as a result of those negotiations;

WHEREAS, Automobile Dealership Plaintiffs, through their counsel, have conducted an investigation into the facts and the law regarding the Action and have concluded that resolving the claims against OAE, according to the terms set forth below, is in the best interest of Automobile Dealership Plaintiffs and the Settlement Class because of the payment of the Settlement Amount and the value of the Injunctive Relief and Cooperation (as those terms are defined below) that OAE has agreed to provide pursuant to this Agreement;

WHEREAS, OAE, despite its belief that it is not liable for the claims asserted by Automobile Dealership Plaintiffs and its belief that it has good defenses thereto, has nevertheless agreed to enter into this Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to obtain the release, order, and judgment contemplated by this Agreement, and to put to rest with finality all claims that shall be asserted against OAE with respect to Power Window Switches based on the allegations made in the Action, as more particularly set out below; and

WHEREAS, Automobile Dealership Plaintiffs recognize the benefits of OAE's Cooperation and injunctive relief and recognize that because of joint and several liability, this Agreement with OAE does not impair Automobile Dealership Plaintiffs' ability to collect the full amount of damages to which they and the Settlement Class may be entitled in the Action, including any damages attributable to OAE's conduct.

NOW, THEREFORE, in consideration of the covenants, agreements, and release set forth herein and for other good and valuable consideration, it is agreed by and among the undersigned that the Action be settled, compromised, and dismissed on the merits with prejudice as to the Releasees and, except as hereinafter provided, without costs as to Automobile Dealership Plaintiffs, the Settlement Class, or OAE, subject to the approval of the Court, on the following terms and conditions:

A.      Definitions.

1.      "Cooperation" shall refer to those provisions set forth below in Section K.

2.      "Cooperation Materials" means any information, testimony, Documents (as defined below) or other material provided by OAE under the terms of this Agreement.

3.      "Defendant" means any party named as a defendant in the Action at any time up to and including the date when the Court has entered a final order certifying the Settlement Class described in Paragraph 13 and approving this Agreement under Federal Rule of Civil Procedure ("Rule") 23(e).

4.      "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a), including without limitation, electronically stored information. A draft or non-identical copy is a separate document within the meaning of this term.

3

5.    "Automobile Dealership Plaintiff Class Representatives" mean those Settlement Class Members, as defined in Paragraph 13, below, who are named plaintiffs in the Complaint.

6.    "Indirect Purchaser States" means Arizona, Arkansas, California, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin.

7.    For purposes of this Agreement, "Power Window Switches" shall have the same meaning as set forth Automobile Dealership Plaintiffs' Class Action Complaint.

8.    "Opt-Out Deadline" means the deadline set by the Court for the timely submission of requests by Settlement Class Members to be excluded from the Settlement Class.

9.    "Releasees" shall refer to OAE and to all of its respective past and present, direct and indirect, parents, subsidiaries, and affiliates, including but not limited to the predecessors, successors and assigns of each of the above; and each and all of the present and former principals, partners, officers, directors, supervisors, employees, agents, stockholders, members, representatives, insurers, attorneys, heirs, executors, administrators, and assigns of each of the foregoing. "Releasees" do not include any other defendant named in the MDL Litigation other than OAE.

10.    "Releasors" shall refer to Automobile Dealership Plaintiffs and the members of the Settlement Class, as defined in Paragraph 13, below, and to their past and present officers, directors, supervisors, employees, agents, stockholders, members, attorneys, servants, representatives, parents, subsidiaries, affiliates, principals, partners, insurers and all other persons, partnerships or corporations with whom any of the former have been, or are now,

4

affiliated, and the predecessors, successors, heirs, executors, administrators and assigns of any of the foregoing.

11.    "Settlement Fund" shall refer to the Settlement Amount deposited in the Escrow Account, together with all interest earned thereon.

12.    "Vehicles" shall refer to four-wheeled passenger automobiles, vans, sports utility vehicles, and crossover or pick-up trucks.

13.    For purposes of this Agreement, the "Settlement Class" means:

> All Automobile Dealerships that, from January 1, 2003 through the Execution Date, purchased for resale a new Honda Vehicle in the United States that included one or more Power Window Switches as a component part or indirectly purchased one or more Power Window Switches as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Power Window Switches Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Power Window Switches directly or for resale.

14.    "Settlement Class Counsel" shall refer to the law firms of:

> BARRETT LAW GROUP, P.A.
> P.O. Box 927
> 404 Court Square
> Lexington, MS 39095
>
> CUNEO GILBERT & LADUCA, LLP
> 507 C Street, N.E.
> Washington, DC 20002
>
> LARSON • KING, LLP
> 2800 Wells Fargo Place
> 30 East Seventh Street
> St. Paul, MN 55101

15.    "Settlement Class Member" means each member of the Settlement Class who has not timely elected to be excluded from the Settlement Class.

B.     Approval of this Agreement and Dismissal of Claims Against OAE.

16.     Automobile Dealership Plaintiffs and OAE shall use their best efforts to effectuate this Agreement, including cooperating in seeking the Court's approval for the establishment of procedures (including the giving of class notice under Rule 23(c) and (e)) to secure the complete, and final dismissal with prejudice of the Action as to the Releasees only.

17.     Within thirty (30) days after the execution of this Agreement, Automobile Dealership Plaintiffs shall submit to the Court a motion seeking preliminary approval of this Agreement ("Motion"). The Motion shall include (i) the proposed form of an order preliminarily approving this Agreement, and (ii) a proposed form of order and final judgment that shall include at least the terms set forth in Paragraph 19 below.

18.     Automobile Dealership Plaintiffs shall, at a time to be decided in their sole discretion, submit to the Court a motion for authorization to disseminate notice of the settlement and final judgment contemplated by this Agreement to all members of the Settlement Class identified by Automobile Dealership Plaintiffs ("Notice Motion"). To mitigate the costs of notice, the Automobile Dealership Plaintiffs shall endeavor, if practicable, to disseminate notice with any other settlements that have been or are reached in the MDL Litigation at the time the Notice Motion is filed. The Notice Motion shall include a proposed form of, method for, and date of dissemination of notice in the Action.

19.     Automobile Dealership Plaintiffs shall seek the entry of an order and final judgment in the Action. The terms of that proposed order and final judgment will include, at a minimum, the substance of the following provisions:

6

(a) certifying the Settlement Class described in Paragraph 13, pursuant to Rule 23, solely for purposes of this settlement as a settlement class for the Action;

(b) as to the Action, approving finally this settlement and its terms as being a fair, reasonable and adequate settlement as to the Settlement Class Members within the meaning of Rule 23 and directing its consummation according to its terms;

(c) as to OAE, directing that the Action be dismissed with prejudice and, except as provided for in this Agreement, without costs;

(d) reserving exclusive jurisdiction over the settlement and this Agreement, including the interpretation, administration, and consummation of this settlement, as well as over OAE, for the duration of its provision of Cooperation and injunctive relief pursuant to this Agreement, to the United States District Court for the Eastern District of Michigan;

(e) determining under Rule 54(b) that there is no just reason for delay and directing that the judgment of dismissal in the Action as to OAE shall be final; and

(f) providing that (i) the Court's certification of the Settlement Class is without prejudice to, or waiver of, the rights of any Defendant, including OAE, to contest certification of any other class proposed in the MDL Litigation, (ii) the Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in the MDL Litigation or on the Court's rulings concerning any Defendant's motion; and (iii) no

party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

20.     This Agreement shall become final when (i) the Court has entered in the Action a final order certifying the Settlement Class described in Paragraph 13 and approving this Agreement under Rule 23(e), and has entered a final judgment in the Action dismissing the Action with prejudice as to OAE and without costs other than those provided for in this Agreement, and (ii) the time for appeal or to seek permission to appeal from the Court's approval of this Agreement and entry of a final judgment as to OAE described in (i) hereof has expired in the Action or, if appealed, approval of this Agreement and the final judgment in the Action as to OAE has been affirmed in its entirety by the Court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review. It is agreed that the provisions of Rule 60 shall not be taken into account in determining the above-stated times. On the date that Automobile Dealership Plaintiffs and OAE have executed this Agreement, Automobile Dealership Plaintiffs and OAE shall be bound by its terms and this Agreement shall not be rescinded except in accordance with Paragraphs 32 or 55.

21.     Neither this Agreement (whether or not it should become final) nor the final judgment, nor any and all negotiations, documents and discussions associated with them (including Cooperation Materials produced pursuant to Section K), shall be deemed or construed to be an admission by OAE or any other Releasee, or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by OAE or any other Releasee, or of the truth of any of the claims or allegations contained in any complaint or any other pleading filed in the MDL Litigation, and evidence thereof shall not be discoverable or used directly or indirectly, in

8

any way, whether in the MDL Litigation, or any other arbitration, action or proceeding whatsoever, against OAE or any other Releasee. Nothing in this Paragraph shall prevent Automobile Dealership Plaintiffs from using and/or introducing into evidence Cooperation Materials produced pursuant to Section K, subject to the limitations in those paragraphs, against any other defendants in the MDL Litigation, to establish any of the above; or to develop and promulgate a plan of allocation and distribution. Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any other action taken to carry out this Agreement by OAE or any other Releasee, shall be referred to, offered as evidence, or received in evidence in any pending or future civil, criminal, or administrative action, arbitration, or proceedings, except in a proceeding to enforce this Agreement, or to defend against the assertion of Released Claims (defined below), or as otherwise required by law.

C.     Release, Discharge, and Covenant Not to Sue.

22.     In addition to the effect of any final judgment entered in accordance with this Agreement, upon this Agreement becoming final, as set out in Paragraph 20, and in consideration of payment of the Settlement Amount, as specified in Paragraph 24, into the Escrow Account (defined below), and for other valuable consideration, the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature (whether or not any Settlement Class Member has objected to the settlement or makes a claim upon or participates in the settlement, whether directly, representatively, derivatively or in any other capacity) under any federal, state or local law of any jurisdiction in the United States, that Releasors, or each of them, ever had, now has, or hereafter can, shall, or may ever have, that now exist or may exist in the future, on account of, or in any way arising out of, any and all known and unknown, foreseen and

9

unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated claims, injuries, damages, and the consequences thereof in any way arising out of or relating in any way to any conduct to be alleged in the Complaint or any act or omission of the Releasees (or any of them), concerning Releasees, including but not limited to any conduct and causes of action to be alleged or asserted in the Action ("Released Claims"), provided however, that nothing herein shall release: (1) any claims made by direct purchasers of Power Window Switches as to such direct purchasers; (2) any claims made by end-payor plaintiffs that are indirect purchasers of Power Window Switches; (3) any claims made by truck and equipment dealerships that are indirect purchasers of Power Window Switches; (4) any claims made by any state, state agency, or instrumentality or political subdivision of a state as to government purchases and/or penalties; (5) claims involving any negligence, personal injury, breach of contract, bailment, failure to deliver lost goods, damaged or delayed goods, product defect, securities or similar claim relating to Power Window Switches; (6) claims concerning any automotive part other than Power Window Switches; (7) claims under laws other than those of the United States relating to purchases of Power Window Switches made outside of the United States; and (8) damage claims under the state or local laws of any jurisdiction other than an Indirect Purchaser State. Releasors shall not, after the date of this Agreement, seek to establish liability against any Releasee as to, in whole or in part, any of the Released Claims.

23.    In addition to the provisions of Paragraph 22, Releasors hereby expressly waive and release, upon this Agreement becoming final, as set out in Paragraph 20, any and all provisions, rights, and benefits, as to their claims concerning Power Window Switches conferred by Section 1542 of the California Civil Code, which states:

> CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE. A GENERAL RELEASE DOES NOT EXTEND TO

10

> CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR
> SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF
> EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
> MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT
> WITH THE DEBTOR;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code. Each Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims which are released pursuant to the provisions of Paragraph 22, but each Releasor hereby expressly waives and fully, finally, and forever settles and releases, upon this Agreement becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim that OAE and Automobile Dealership Plaintiffs have agreed to release pursuant to Paragraph 22, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

D.      Settlement Amount.

24.      Subject to the provisions hereof, and in full, complete and final settlement of the Action as provided herein, OAE, shall pay the Settlement Amount of US $960,000.00 ("Settlement Amount"). The Settlement Amount shall be paid into an escrow account in United States Dollars to be administered in accordance with the provisions of Paragraph 25 ("Escrow Account") within thirty (30) days following the later of (a) the date of entry of an order preliminarily approving this Agreement by the Court, or (b) OAE being provided with the account number, account name, and wiring information for the Escrow Account.

11

E.    Escrow Account.

25.    The Escrow Account will be established at Huntington National Bank with such bank serving as escrow agent ("Escrow Agent") subject to escrow instructions mutually acceptable to Settlement Class Counsel and OAE, and with such escrow to be administered by the Escrow Agent under the Court's continuing supervision and control.

26.    The Escrow Agent shall cause the fund deposited in the Escrow Account to be invested in short-term instruments backed by the full faith and credit of the United States Government or fully insured in writing by the United States Government, or money market fund rated Aaa and AAA, respectively by Moody's Investor Services and Standard and Poor's, invested substantially in such instruments, and shall reinvest any income from these instruments and the proceeds of these instruments as they mature in similar instruments at their then current market rates. OAE shall bear no risk related to the Settlement Fund.

27.    The fund held in the Escrow Account shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such fund shall be distributed pursuant to this Agreement and/or further order(s) of the Court.

28.    Automobile Dealership Plaintiffs and OAE agree to treat the Settlement Fund as being at all times a qualified settlement fund within the meaning of Treasury Regulations Section 1.468B-1. In addition, Settlement Class Counsel shall timely make such elections as necessary or advisable to carry out the provisions of this Paragraph, including the relation-back election (as defined in Treasury Regulations Section 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Settlement Class Counsel or Escrow Agent to

timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

29.     For the purpose of Section 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the administrator shall be Settlement Class Counsel. Settlement Class Counsel shall timely and properly file all information and other tax returns necessary or advisable with respect to the Escrow Account (including without limitation the returns described in Treasury Regulations Section 1.468B-2(k)(1)). Such returns (as well as the election described in Paragraph 28) shall be consistent with Paragraph 28 and in all events shall reflect that all Taxes, as defined below (including any estimated Taxes, interest or penalties), on the income earned by the Settlement Fund shall be paid out of the Escrow Account as provided in Paragraph 30 hereof.

30.     All (i) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon OAE or any other Releasee with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a qualified settlement fund for federal or state income tax purposes ("Taxes"); and (ii) expenses and costs incurred in connection with the operation and implementation of Paragraphs 28 through 30 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in Paragraph 29 ("Tax Expenses")), shall be paid out of the Settlement Fund.

31.     Neither OAE nor any other Releasee nor their respective counsel shall have any liability or responsibility for the Taxes or the Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall

be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any claimants authorized by the Court funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulations Section 1.468B-2(1)(2)). OAE shall not be responsible or have any liability therefor. Automobile Dealership Plaintiffs and OAE agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of Paragraphs 28 through 30.

32.     If this Agreement does not receive final Court approval, including final approval of the Settlement Class as defined in Paragraph 13, or if the Action is not certified as a class action for settlement purposes, then all amounts paid by OAE into the Settlement Fund (other than costs expended or incurred in accordance with Paragraphs 30 and 35), shall be returned to OAE from the Escrow Account by the Escrow Agent along with any interest accrued thereon within thirty (30) calendar days of the Court's denial of final approval of the Agreement and/or Settlement Class.

F.     Injunctive Relief.

33.     Subject to the provisions hereof, and in full, complete and final settlement of the Action as provided here, OAE agrees that it is enjoined for a period of 24 months from the date of the entry of final judgment from engaging in conduct that constitutes a *per se* violation of Section 1 of the Sherman Act (whether characterized as price-fixing, market allocation, bid-rigging, or otherwise) with respect to the sale of any Power Window Switches.

14

G.      Exclusions.

34.     Subject to Court approval, any person or entity seeking exclusion from the Settlement Class must file a written request for exclusion by the Opt-Out Deadline, which shall be the date set by the Court by which any class member must request exclusion from the Settlement Class. Any person or entity that files such a request shall be excluded from the Settlement Class and shall have no rights with respect to this settlement. Subject to Court approval, a request for exclusion that does not comply with all of the provisions set forth in the applicable class notice will be invalid, and the person(s) or entity(ies) serving such an invalid request shall be deemed Settlement Class Member(s) and shall be bound by this Agreement upon Final Court Approval. Within ten (10) business days after the Opt-Out Deadline, Settlement Class Counsel will cause copies of timely requests for exclusion from the Settlement Class to be provided to counsel for OAE.

(a)     Subject to Court Approval, any member of the Settlement Class who submits a valid and timely request for exclusion will not be a Settlement Class Member and shall not be bound by the terms of this Agreement. OAE reserve all of their legal rights and defenses, including, but not limited to, any defenses relating to whether any excluded member of the Settlement Class is an indirect purchaser of Power Window Switches.

(b)     Subject to Court Approval, in the written request for exclusion, the member of the Settlement Class must state his, her, or its full name, address, and telephone number. Further, the member of the Settlement Class must include a statement in the written request for exclusion that he, she, or it wishes to be excluded from the settlement.

(c)     OAE or Settlement Class Counsel may dispute an exclusion request, and the parties shall, if possible, resolve the disputed exclusion request by agreement and shall

15

inform the Court of their position, and, if necessary, obtain a ruling thereon within thirty (30) days of the Opt-Out Deadline.

H.     Payment of Expenses.

35.     OAE agrees to permit use of a maximum of US $200,000 of the Settlement Fund towards notice to the Settlement Class and the costs of administration of the Settlement Fund. The notice and administration expenses (up to the maximum of US $200,000) are not recoverable if this settlement does not become final or is terminated to the extent such fund has actually been expended or incurred for notice and administration costs. All remaining expenses shall be recoverable if this Agreement does not become final or is terminated. Other than as set forth in this Paragraph, OAE shall not be liable for any of the costs or expenses of the litigation of the Action, including attorneys' fees, fees and expenses of expert witnesses and consultants, and costs and expenses associated with discovery, motion practice, hearings before the Court or Special Master, appeals, trials, or the negotiation of other settlements, or for class administration and costs.

36.     To mitigate the costs of notice and administration, the Automobile Dealership Plaintiffs shall use their best efforts, if practicable, to disseminate notice with any other settlements reached with other defendants in the MDL Litigation and to apportion the costs of notice and administration on a *pro rata* basis across the applicable settlements.

I.     The Settlement Fund.

37.     Releasors' sole recourse for settlement and satisfaction against the Releasees of all Released Claims is against the Settlement Fund, and Releasors shall have no other recovery against OAE or any other Releasee.

38.     After this Agreement becomes final within the meaning of Paragraph 20, the Settlement Fund shall be distributed in accordance with a plan to be submitted to the Court by Settlement Class Counsel, subject to approval by the Court. In no event shall any Releasee have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such distribution and administration except as expressly otherwise provided in Paragraph 35.

39.     Automobile Dealership Plaintiffs and Settlement Class Counsel shall be reimbursed and indemnified solely out of the Settlement Fund for all expenses and costs, as provided by Court Order. OAE and the other Releasees shall not be liable for any costs, fees, or expenses of any of Automobile Dealership Plaintiffs or the Settlement Class' respective attorneys, experts, advisors, agents, or representatives, but all such costs, fees, and expenses as approved by the Court shall be paid out of the Settlement Fund.

J.      Settlement Class Counsel's Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards for Class Representatives.

40.     Settlement Class Counsel may submit an application or applications to the Court ("Fee and Expense Application") for: (i) an award of attorneys' fees not in excess of one-third of the Settlement Fund; plus (ii) reimbursement of expenses and costs incurred in connection with prosecuting the Action and incentive awards, plus interest on such attorneys' fees, costs and expenses at the same rate and for the same period as earned by the Settlement Fund (until paid) as may be awarded by the Court ("Fee and Expense Award"). Settlement Class Counsel reserve the right to make additional applications for Court approval of fees and expenses incurred and reasonable incentive awards, but in no event shall OAE or any other Releasees be responsible to

17

pay any such additional fees and expenses except to the extent they are paid out of the Settlement Fund.

41.     Subject to Court approval, Automobile Dealership Plaintiffs and Settlement Class Counsel shall be reimbursed and paid solely out of the Settlement Fund for all expenses including, but not limited to, attorneys' fees and past, current, or future litigation expenses and incentive awards. Attorneys' fees and expenses awarded by the Court shall be payable from the Settlement Fund upon award, notwithstanding the existence of any timely filed objections thereto, or potential appeal therefrom, or collateral attack on the settlement or any part thereof, subject to Settlement Class Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund with interest, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or award of expenses is reduced or reversed, or in the event the Agreement is rescinded or terminated pursuant to Paragraph 32 or Paragraph 55.

42.     The procedure for and the allowance or disallowance by the Court of the application by Settlement Class Counsel for attorneys' fees, costs and expenses, and incentive awards for class representatives to be paid out of the Settlement Fund are not part of this Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any such order shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the judgment approving the settlement.

43.     Neither OAE nor any other Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to any payment to Settlement

Class Counsel and/or Automobile Dealership Plaintiffs of any Fee and Expense Award in the Action.

44.     Neither OAE nor any other Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to the allocation among Settlement Class Counsel, Automobile Dealership Plaintiffs and/or any other person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

K.     Cooperation.

45.     In return for the release and discharge provided herein, OAE agrees to pay the Settlement Amount and be bound by the injunction described in Paragraph 33, and further agrees to use its reasonable best efforts to provide satisfactory and timely Cooperation, as set forth specifically in this Section K, until the time all actions in *In re Automotive Parts Antitrust Litigation*, Master File No. 2:12-md-02311 are dismissed. Cooperation will take place consistent with the timing set forth specifically below, and in a manner that is in compliance with OAE's obligations to any Government Entities (defined as the United States Department of Justice ("DOJ"), the Japanese Fair Trade Commission ("JFTC"), the European Commission ("EU"), or any other government entity). OAE shall not be required to provide documents protected by the work product doctrine, attorney client privilege, prohibited by the relevant antitrust agencies and/or by the law of the relevant foreign jurisdiction, or prohibited by court order. Cooperation shall be limited to Power Window Switches and shall not include information related to other parts manufactured by OAE and/or Releasees.

46.     Identity of Individuals. OAE will provide Settlement Class Counsel with the identity of all current and former employees, directors, and officers of OAE who: (1) were interviewed by the DOJ, JFTC, or EU in connection with to be alleged anticompetitive activity;

or (2) appeared before the grand jury in the DOJ investigation of the Power Window Switches conspiracy.

47.     Documents. OAE will use its best efforts to substantially complete the production of the following Documents within 120 days after preliminary approval by the Court of this Agreement: (1) documents in the files of their agreed upon or to be agreed upon custodians and in central files responsive to interrogatories and requests for production of documents served on it before the Execution Date of this Agreement; (2) documents concerning its determination of prices for Power Window Switches in the United States or for use in Vehicles to be sold in the United States; (3) documents showing how employees were trained or instructed to bid and set prices in the United States or for use in Vehicles to be sold in the United States; and (4) documents relating to issued requests for quotation ("RFQ"), bids submitted in response to RFQs, RFQ award notifications, and post-award price adjustments in the United States or for use in Vehicles to be sold in the United States. All currently pending discovery requests will be withdrawn, and no further discovery will be sought from any OAE entity other than as provided for in the settlement agreement.

48.     Transactional Data. At the request of Automobile Dealership Plaintiffs and subject to meet and confer with OAE as to any reasonable limitations on this obligation, OAE will produce within one hundred eighty (180) days, transactional data related to Power Window Switches, to the extent it exists in OAE's electronic databases as of two years after the Execution Date of this Agreement, concerning OAE's bids for and sales of Power Window Switches to Original Equipment Manufacturers or other purchasers of Power Window Switches from January 1, 2003 to two years from the Execution Date of this Agreement. The precise end date for this production obligation will be agreed upon by the Parties in subsequent meet and confer

discussions, taking into account the burden of producing the transactional data and the Automobile Dealership Plaintiffs' need for that data. OAE will provide any translations of the above data that may exist as of the Execution Date of this Agreement.

49. <u>Attorney Proffers and Witness Interviews.</u> Additionally, OAE shall use its best efforts to cooperate with Settlement Class Counsel as set forth in Paragraph 53 below.

(a) OAE's counsel will make themselves available at a mutually agreed location in the United States for up to two meetings of one business day each to provide an attorney's proffer of facts known to them. OAE further agrees to make five (5) persons, the identity of which will be mutually agreed by OAE and the Automobile Dealership Plaintiffs, available for interviews and depositions, provide five (5) declarations or affidavits from the same persons, and make those persons available to testify at trial. Each deposition shall be conducted at a mutually agreed-upon location, and shall be limited to a total of seven (7) hours over one (1) day unless the deposition is in a language other than English, in which case the deposition shall be limited to a total of thirteen (13) hours over two (2) days.

(b) In addition to its Cooperation obligations set forth herein, OAE at the request of Automobile Dealership Plaintiffs and subject to meet and confer with OAE, OAE agrees to produce through affidavit(s) or declaration(s) and/or at trial, in settlement class counsel's discretion, representatives qualified to authenticate, establish as business records, or otherwise establish any other necessary foundation for admission into evidence of any documents or transactional data produced or to be produced by OAE and/or Releasees. Settlement Class counsel agree to use their best efforts to obtain stipulations that would avoid the need to call OAE witnesses at trial for the purpose of obtaining such evidentiary foundations.

21

(c)         In addition, after conducting a reasonable search, OAE shall, to the best of its knowledge, identify those Vehicles sold in the United States that contain Power Window Switches sold by OAE.

50.     OAE's obligations to provide Cooperation shall not be affected by the release set forth in this Settlement Agreement. Unless this Agreement is rescinded, disapproved, or otherwise fails to take effect, OAE's obligations to provide Cooperation under this Agreement shall continue only until otherwise ordered by the Court, or the date that final judgment has been entered in the Action against all Defendants pursuant to Paragraph 20.  If this Agreement is rescinded, disapproved, otherwise fails to take effect, or if final judgment has been entered by the United States District Court for the Eastern District of Michigan in all cases in the MDL Litigation against all Defendants (collectively "District Court Termination"), unless otherwise agreed by OAE, within sixty (60) days after District Court Termination, Automobile Dealership Plaintiffs must return or destroy all Cooperation Materials received from the Releasees to the extent required by the Protective Orders, and must comply with all other terms of the Protective Orders governing such return or destruction.

51.     In the event that this Agreement fails to receive final approval by the Court, including final approval of the Settlement Class as defined in Paragraph 13, or in the event that it is terminated by either party under any provision herein, the parties agree that neither Automobile Dealership Plaintiffs nor Settlement Class Counsel shall be permitted to introduce into evidence against OAE, at any hearing or trial, or in support of any motion, opposition or other pleading in the Action or in any other federal or state or foreign action alleging a violation of any law relating to the subject matter of the Action, any documents provided by OAE and/or the other Releasees, their counsel, or any individual made available by OAE pursuant to

Cooperation (as opposed to from any other source or pursuant to a court order). This limitation shall not apply to any discovery of OAE which Settlement Class Counsel participate in as part of the MDL Litigation. Notwithstanding anything contained herein, Automobile Dealership Plaintiffs and the Settlement Class are not relinquishing any rights to pursue discovery against OAE in the event that this Agreement fails to receive final approval by the Court, including final approval of the Settlement Class as defined in Paragraph 13, or in the event that it is terminated by either party under any provision herein.

52.     OAE need not respond to discovery requests made pursuant to the Rules from Automobile Dealership Plaintiffs, meet and confer or otherwise negotiate with Automobile Dealership Plaintiffs regarding discovery requests served in the Action or otherwise participate in the Action during the pendency of the Agreement. Other than to enforce the terms of this Agreement, neither OAE nor Automobile Dealership Plaintiffs shall file motions against the other, in the Action, during the pendency of the Agreement.

53.     In the event that OAE produces Documents or provides declarations or written responses to discovery to any party or non-party in the Action in the MDL Litigation, concerning or relating to the Action ("Relevant Production"), OAE shall produce all such Documents, declarations, or written discovery responses to Automobile Dealership Plaintiffs contemporaneously with making the Relevant Production to the extent such Documents, declarations or written discovery responses have not previously been produced by OAE to Automobile Dealership Plaintiffs. This Agreement does not restrict Settlement Class Counsel from attending and/or participating in any deposition in the MDL Litigation. Settlement Class Counsel may attend and/or participate in any depositions of OAE's witnesses in addition to the depositions set forth in Paragraph 49, provided that the time for participation of Settlement Class

23

Counsel and Settlement Class Counsel for the Automobile Dealership Plaintiffs shall not expand the time permitted for the deposition as may be provided by the Court, and Settlement Class Counsel will not ask the Court to enlarge the time of any deposition noticed of a OAE current or former employee. Participation by Settlement Class Counsel in the depositions discussed in this Paragraph will not limit the number of depositions to be provided under Paragraph 49 above. Automobile Dealership Plaintiffs and Settlement Class Counsel agree to use their best efforts to ensure that any depositions taken under Paragraph 49 above are coordinated with any other deposition noticed in the MDL Litigation to avoid unnecessary duplication.

54.     If Settlement Class Counsel believe that OAE or any current or former employee, officer or director of OAE has refused to cooperate under the terms of this Agreement, Settlement Class Counsel may seek an Order from the Court compelling such employee, officer or director of OAE to provide discovery. Nothing in this provision shall limit in any way OAE's ability to defend the level of Cooperation it has provided or to defend its compliance with the terms of the Cooperation provisions in this Agreement.

L.     Rescission if this Agreement is Not Approved or Final Judgment is Not Entered.

55.     If the Court refuses to approve this Agreement or any part hereof, including if the Court does not certify the Settlement Class in accordance with the specific Settlement Class definitions set forth in this Agreement, or if such approval is modified or set aside on appeal, or if the Court does not enter the final judgment provided for in Paragraph 19, or if the Court enters the final judgment and appellate review is sought, and on such review, such final judgment is not affirmed in its entirety, then OAE and Automobile Dealership Plaintiffs shall each, in their sole discretion, have the option to rescind this Agreement in its entirety. Written notice of the exercise of any such right to rescind shall be made according to the terms of Paragraph 68. A

modification or reversal on appeal of any amount of Settlement Class Counsel's fees and expenses awarded by the Court from the Settlement Fund shall not be deemed a modification of all or a part of the terms of this Agreement or such final judgment.

56.     In the event that this Agreement does not become final as set forth in Paragraph 18, or this Agreement otherwise is terminated, then this Agreement shall be of no force or effect and any and all parts of the Settlement Fund caused to be deposited in the Escrow Account (including interest earned thereon) shall be returned forthwith to OAE less only disbursements made in accordance with Paragraphs 30 and 35. OAE expressly reserves all rights and defenses if this Agreement does not become final.

57.     Further, and in any event, Automobile Dealership Plaintiffs and OAE agree that this Agreement, whether or not it shall become final, and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of (i) any violation of any statute or law or of any liability or wrongdoing whatsoever by OAE, or the other Releasees to be used against OAE or the Releasees, or of (ii) the truth of any of the claims or allegations contained in the Complaint or any other pleading filed in the MDL Litigation, to be used against OAE or the Releasees, and evidence thereof shall not be discoverable or used in any way, whether in this Action or in any other action or proceeding, against OAE or the Releasees. Nothing in this Paragraph shall prevent Automobile Dealership Plaintiffs from using Cooperation Materials produced by OAE against any other Defendants in any action to establish any of the above.

58.     This Agreement shall be construed and interpreted to effectuate the intent of the parties, which is to provide, through this Agreement, for a complete resolution of the relevant

claims with respect to each Releasee as provided in this Agreement as well as Cooperation by OAE.

59. The parties to this Agreement contemplate and agree that, prior to final approval of the settlement, appropriate notice 1) of the settlement; and 2) of a hearing at which the Court will consider the approval of this Agreement, will be given to the Settlement Class.

60. OAE, Automobile Dealership Plaintiffs, and Settlement Class Counsel agree not to disclose publicly or to any other person, except to the Releasees or as otherwise required by law, or statute in any jurisdiction, the terms of this Agreement until this Agreement is submitted to the Court for preliminary approval.

61. OAE shall submit all materials required to be sent to appropriate Federal and State officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

62. This Agreement does not settle or compromise any claim by Automobile Dealership Plaintiffs or any Settlement Class Member asserted in the Complaint or, if amended, any subsequent complaint, against any Defendant or alleged co-conspirator other than Releasees. All rights against such other Defendants or alleged co-conspirators are specifically reserved by Automobile Dealership Plaintiffs and the Settlement Class. All rights of any Settlement Class Member against any and all former, current, or future Defendants or co-conspirators or any other person other than Releasees for sales made by Releasees alleged illegal conduct are specifically reserved by Automobile Dealership Plaintiffs and Settlement Class Members. Releasees' sales to the Settlement Class and their alleged illegal conduct shall, to the extent permitted or authorized by law, remain in the Action as a potential basis for damage claims and shall be part of any joint and several liability claims against other current or future Defendants in the Action or other persons or entities other than Releasees. Releasees shall not be responsible for any payment to

Automobile Dealership Plaintiffs other than the Settlement Amount specifically agreed to in Paragraph 24.

63.    The United States District Court for the Eastern District of Michigan shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement that cannot be resolved by negotiation and agreement by Automobile Dealership Plaintiffs and OAE, including challenges to the reasonableness of any party's action. This Agreement shall be governed by and interpreted according to the substantive laws of the state of Michigan without regard to its choice of law or conflict of laws principles. OAE will not object to complying with any of the provisions outlined in this Agreement on the basis of jurisdiction.

64.    This Agreement constitutes the entire, complete, and integrated agreement among Automobile Dealership Plaintiffs and OAE pertaining to the settlement of the Action against OAE, and supersedes all prior and contemporaneous undertakings, communications, representations, understandings, negotiations and discussions, either oral or written, between Automobile Dealership Plaintiffs and OAE in connection herewith. This Agreement may not be modified or amended except in writing executed by Automobile Dealership Plaintiffs and OAE, and approved by the Court.

65.    This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of Automobile Dealership Plaintiffs and OAE. Without limiting the generality of the foregoing, each and every covenant and agreement made herein by Automobile Dealership Plaintiffs or Settlement Class Counsel shall be binding upon all Settlement Class Members and

Releasors. The Releasees (other than OAE entities which are parties hereto) are third-party beneficiaries of this Agreement and are authorized to enforce its terms applicable to them.

66. This Agreement may be executed in counterparts by Automobile Dealership Plaintiffs and OAE, and a facsimile signature shall be deemed an original signature for purposes of executing this Agreement.

67. Neither Automobile Dealership Plaintiffs nor OAE shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

68. Where this Agreement requires either party to provide notice or any other communication or document to the other, such notice shall be in writing, and such notice, communication or document shall be provided by facsimile, or electronic mail (provided that the recipient acknowledges having received that email, with an automatic "read receipt" or similar notice constituting an acknowledgement of an email receipt for purposes of this Paragraph), or letter by overnight delivery to the undersigned counsel of record for the party to whom notice is being provided.

69. Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement subject to Court approval.

70. This Agreement shall become effective upon approval by the Board of Directors of OAE, and OAE shall promptly notify Automobile Dealership Plaintiffs upon receipt of such approval.

Date: August 10, 2016

Don Barrett
David McMullan
**BARRETT LAW GROUP, P.A.**
P.O. Box 927
404 Court Square
Lexington, MS 39095
Telephone: (662) 834-2488

Jonathan W. Cuneo
Joel Davidow
Yifei Li
**CUNEO GILBERT & LaDUCA, LLP**
507 C Street, NE
Washington, DC 20002
Telephone: (202)789-3960

Shawn M. Raiter
**LARSON • KING, LLP**
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
Telephone: (651) 312-6500

*Interim Co-Lead Class Counsel and Settlement*
*Class Counsel for Automobile Dealership*
*Plaintiffs*

29

Date: August 10, 2016

Jeremy Calsyn
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
2000 Pennsylvania Ave., NW
Washington, DC 20006
Telephone: (202) 974-1500
Fax: (202) 974-1999
jcalsyn@cgsh.com

*Counsel for Omron Automotive Electronics Co. Ltd.*