## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 Hon. Marianne O. Battani |
| In re: Ignition Switches In re: Power Window Switches | Case No. 2:13-cv-01402 Case No. 2:16-cv-03902 |
| THIS DOCUMENT RELATES TO: Automobile Dealership Actions | |

**FINAL JUDGMENT APPROVING SETTLEMENT AGREEMENT BETWEEN DEALERSHIP PLAINTIFFS AND TOYO DENSO CO., LTD. AND WEASTEC, INC.**

This matter has come before the Court to determine whether there is any cause why this Court should not approve the settlement between Dealership Plaintiffs ("Plaintiffs") and Toyo Denso Co., Ltd. and Weastec, Inc. (collectively, "Toyo Denso"), set forth in the Settlement Agreement ("Agreement"), dated April 26, 2018 relating to the above-captioned actions (the "Actions"). The Court, after carefully considering all papers filed and proceedings held herein and otherwise being fully informed, has determined (1) that the settlement should be approved, and (2) that there is no just reason for delay of the entry of this final judgment approving the Agreement (the "Final Judgment"). Accordingly, the Court directs entry of Judgment which shall constitute a final adjudication of this case on the merits as to the parties to the Agreement. Good cause appearing therefor, it is:

**ORDERED, ADJUDGED AND DECREED THAT**:

1.     The definitions of terms set forth in the Agreement are incorporated herein as though fully set forth in this Judgment.

1

2.     Pursuant to Federal Rule of Civil Procedure ("Rule") 23(g), Class Counsel, previously appointed by the Court, Cuneo, Gilbert & LaDuca, LLP, Barrett Law Group, P.A., and Larson King LLP, are appointed as Counsel for the Ignition Coils and Power Window Switches classes ("Settlement Classes"). These firms have, and will, fairly and competently represent the interests of the Settlement Classes.

3.     The Court has exclusive jurisdiction over the settlement and the subject matter of this litigation, over all actions within this litigation, and over the parties to the Agreement, including all members of the Settlement Classes.

4.     Plaintiffs, having filed complaints in the Actions alleging that Toyo Denso conspired to rig bids, allocate markets, and fix prices for Ignition Coils and Power Window Switches, and Toyo Denso, having denied Plaintiffs' allegations and having asserted defenses thereto, have entered into the Agreement to settle the Actions to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, to obtain the releases, orders, and judgment contemplated by the Agreement, and to put to rest with finality all claims that have been or could have been asserted against Toyo Denso Releasees (as defined in the Agreement). Pursuant to the Agreement, Toyo Denso has agreed to provide specified monetary compensation to Plaintiffs, and to cooperate with Plaintiffs in connection with the continued prosecution of the Actions against current Defendants or to-be-named co-conspirator Defendants.

5.     The Court hereby finally approves and confirms the settlement set forth in the Agreement and finds that said settlement is, in all respects, fair, reasonable, and adequate to the Settlement Classes pursuant to Rule 23.

6.     The Court hereby dismisses on the merits and with prejudice the individual and class claims asserted against Toyo Denso Co., Ltd. and Weastec, Inc. with Plaintiffs and Toyo Denso to bear their own costs and attorneys' fees except as provided herein or in the Agreement.

7.     All Releasors shall, by operation of law, be deemed to have released all Releasees from the Released Claims.  All entities who are Releasors (as defined in the Agreement) or who purport to assert claims on behalf of Releasors are hereby barred and enjoined from commencing, prosecuting, or continuing, either directly or indirectly in an individual or representative or derivative capacity, against the Toyo Denso Releasees, in this or any other jurisdiction, any and all claims, causes of action or lawsuits, which they had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Agreement.

8.     The Toyo Denso Releasees are hereby and forever released and discharged with respect to any and all claims or causes of action which the Releasors had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Agreement.

9.     Pursuant to Paragraph 28 of the Settlement Agreement, Toyo Denso will not, for a period of twenty four (24) months beginning on the date of entry of this Final Judgment, from engaging in *per se* violation of Section 1 of the Sherman Act with respect to Ignition Coils and Power Window Switches.

10.   Neither the Agreement, nor any act performed or document executed pursuant to the Agreement, may be deemed or used as an admission of wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

11.   The notice given to the Settlement Classes of the settlement set forth in the Agreement and the other matters set forth herein was the best notice practicable under the circumstances, including individual notice to all members of the Settlement Classes who could be identified through reasonable efforts. Said notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Agreement, to all entities entitled to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e) and the requirements of due process.

3

12.   Without affecting the finality of this Final Judgment in any way, the Court hereby retains exclusive jurisdiction over: (a) the enforcement of this Final Judgment; (b) the enforcement of the Agreement and over any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement, that cannot be resolved by negotiation and agreement by Dealership Plaintiffs and Toyo Denso; (c) any application for distribution of funds, attorneys' fees or reimbursement of costs and expenses made by Dealership Plaintiffs' Counsel; (d) any application for incentive awards for the Dealership Plaintiffs; and (e) the distribution of the settlement proceeds to Settlement Classes members.

13.   The entities identified on Exhibit "A" hereto have timely and validly requested exclusion from the Settlement Classes and, therefore, are excluded.  Such entities are not included in or bound by this Final Judgment.  Such entities are not entitled to any recovery from the settlement proceeds obtained through this settlement.  Nothing in this Judgment shall be construed as a determination by this Court that such entities are members of any of the classes or proposed classes in the *In re Automotive Parts Antitrust Litigation*, Master File No. 12-md-02311.

14.   In the event that the settlement does not become effective in accordance with the terms of the Agreement, then this Final Judgment shall be rendered null and void and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void and the parties shall be returned to their respective positions ex ante.

15.   The Escrow Account, into which Toyo DensoENSO has deposited assets with a total value of $1,632,000.00 as the Settlement Amount (as defined in paragraph 16 of the Agreement), plus accrued interest thereon and net any expenses incurred as contemplated in paragraph 30 of the Agreement, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

16.   The Court finds, pursuant to Rule 54(a) and (b), that this Final Judgment should be entered and further finds that there is no just reason for delay in the entry of this Judgment, as a Final Judgment, as to the parties to the Agreement, Toyo Denso Co., Ltd. and Weastec, Inc.

17.   The Court's certification of the Settlement Classes as provided herein is without prejudice to, or waiver of, the rights of any Defendant, including Toyo Denso, to contest certification of any other class proposed in any case within the *In re Automotive Parts Antitrust Litigation*, Master File No. 12-md-02311.  The Court's findings in this Final Judgment shall have no effect on the Court's ruling on any motion to certify any class in any case within the *In re Automotive Parts Antitrust Litigation*, Master File No. 12-md-02311.  No party may cite or refer to the Court's approval of the Settlement Classes as persuasive or binding authority with respect to any motion to certify any class.

18.   Accordingly, the Clerk is hereby directed to enter Judgment forthwith.


Date:   April 8, 2019                                  s/Marianne O. Battani
                                                       MARIANNE O. BATTANI
                                                       United States District Judge


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on April 8, 2019.


                                                       s/ Kay Doaks
                                                       Case Manager